# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00149-MR
# [CRIMINAL CASE NO. 1:10-cr-00032-MR-9]

| | |
|---|---|
| JARROD DEANDRE HAUSLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## I. PROCEDURAL HISTORY

On October 25, 2010, Petitioner pled guilty pursuant to a written plea agreement to conspiring to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:10-cr-00032-MR-9, Doc. 197: Acceptance and Entry of Guilty Plea; Doc. 185: Plea Agreement]. In the plea agreement, Petitioner stipulated that the amount of cocaine base that was known to or reasonably

foreseeable by him was in excess of 150 grams but less than 500 grams. [Id., Doc. 185 at 2].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 29, and a criminal history category of III, yielding an advisory sentencing guidelines range of between 108 and 135 months. [Id., Doc. 296 at 12: PSR]. The probation officer noted that Petitioner faced a mandatory minimum term of ten years under 21 U.S.C. § 841(b)(1)(A). [Id.]. Therefore, the guideline term of imprisonment was 120 to 135 months' imprisonment. [Id.]

On September 21, 2011, this Court sentenced Petitioner to 120 months' imprisonment. [Id., Doc. 340: Judgment]. Judgment was entered on September 26, 2011, and Petitioner did not appeal. Petitioner placed the instant petition in the prison mailing system on June 2, 2014, and it was stamp-filed in this Court on June 6, 2014. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under the provisions of the Fair Sentencing Act of 2010, and based on the Supreme Court's opinion in Dorsey v. United States, 132 S. Ct. 2321 (2012).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered on September 26, 2011, and Petitioner did not appeal. Petitioner's conviction, therefore, became final fourteen days later on Monday, October 10, 2011, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). Petitioner then had until October 10, 2012, to file a timely petition. Petitioner placed the instant § 2255 petition in the prison mailing system on June 2, 2014, and it was stamp-filed in this Court on June 6, 2014. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, and because none of the other time periods set forth under Section 2255(f) applies, his petition is subject to dismissal as untimely under

Section 2255(f)(1). Furthermore, Petitioner has presented no grounds that warrant equitable tolling.[1] Thus, the petition will be dismissed as untimely.[2]

For the reasons stated herein, the petition will be dismissed as untimely.

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] Even if this Court were to apply equitable tolling, Petitioner would still not be entitled to relief on the claim he brings here, which is more properly categorized as a motion to reduce sentence pursuant to 18 U.S.C. § 3582. As the Government noted in its presentence report before Petitioner's sentencing, Petitioner is not entitled to relief under the Fair Sentencing Act because he stipulated that the amount of cocaine base that was known to or reasonably foreseeable by him was in excess of 150 grams but less than 500 grams. See [Doc. 333 at 1]. Under the Fair Sentencing Act of 2010, it now takes 280 grams of crack cocaine to trigger a ten-year mandatory minimum sentence. Since Petitioner stipulated to a range that exceeded 280 grams, he is not entitled to relief under the Fair Sentencing Act. More importantly, however, since Petitioner was sentenced on September 21, 2011, he was sentenced after the Fair Sentencing Act had already gone into effect.

[2] The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied. In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a *sua sponte* dismissal of the case. Id. at 706.

debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 24, 2014

Martin Reidinger
United States District Judge